IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN EUGENE HARRIS, | ) | |
|     Petitioner, | ) | Civil Action No. 09-315 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
|     Respondent. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

## II. REPORT[1]

Before the Court is Petitioner Allen Eugene Harris's petition for a writ of habeas corpus (ECF No. 5), which he has filed pursuant to 28 U.S.C. § 2254. He claims that he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, because: (a) his "guilty plea was entered upon defense counsel's recommendation" and it was "not knowingly and intelligently entered"; (b) counsel did not "show up for court hearings"; (c) "counsel promised a sentence and it was no were close to what was promised"; and, (d) counsel "fail[ed] to move to continue sentencing" and "failed to object to a whole range of hearsay evidence." (ECF No. 5 at 4-5).

---

[1] Respondent has submitted all relevant transcripts and the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

### A. Relevant Background

On May 5, 2009, Petitioner appeared before the Court of Common Pleas of Erie County and entered a guilty plea pursuant to a plea agreement. He pleaded guilty to one count of robbery, a felony of the third degree, with the remaining count of use/possession of drug paraphernalia *nolle prossed*. Keith Clelland, Esq., represented him.

On July 9, 2009, Petitioner was sentenced *in absentia* to a term of incarceration of 24-60 months. The court later modified the minimum term to be 18 months. (See CP Dkt. Nos. 12-13). Petitioner, through Attorney Clelland, filed a Notice of Appeal with the Superior Court of Pennsylvania on August 28, 2009. (CP Dkt. No. 15).

On September 14, 2009, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 18). On September 30, 2009, the court dismissed the PCRA petition because it lacked jurisdiction to entertain it as Petitioner's case was on appeal. (CP Dkt. No. 21). It similarly dismissed a subsequent PCRA petition for that same reason. (CP Dkt. No. 30).

On November 2, 2009, Petitioner withdrew his appeal to the Superior Court. (CP Dkt. No. 31). Soon thereafter, he refiled his PCRA petition and raised what appears to be the same claims that he now raises in the instant federal habeas petition. (CP Dkt. No. 34). The PCRA Court appointed William J. Hathaway, Esquire, to represent him, and Hathaway subsequently filed a "no merit" letter in which he advised the court that in his opinion Petitioner's claims were frivolous. Hathaway further stated that the record bears no basis for Petitioner to legitimately challenge his plea proceeding. (CP Dkt. No. 37).

On December 11, 2009, the PCRA Court issued a Notice informing Petitioner that it was going to dismiss the PCRA petition without a hearing. (CP Dkt. No. 38). A few days later, the PCRA Court

granted Hathaway leave to withdraw as counsel. (CP Dkt. No. 40). On February 2, 2010, the PCRA Court issued a Final Order in which it denied PCRA relief. It informed Petitioner that he had 30 days from the date of the Final Order to file an appeal. (CP Dkt. No. 47).

Petitioner did not file an appeal with the Superior Court. Instead, while his case was still pending before the PCRA Court, he commenced federal habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an Answer (ECF No. 22) and the state court record and the case is now ripe for review.

### B. Discussion

#### (1) The Exhaustion Requirement

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). This "exhaustion" doctrine is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it *to each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must

3

have presented every federal constitutional claim raised in his habeas petition to the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As set forth above, Petitioner failed to exhaust his claims. He raised them in his PCRA petition. (CP Dkt. No. 38). However, he did not file an appeal with the Superior Court after the PCRA Court denied relief. Therefore, Petitioner did not exhaust his claims in state court.

Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 164.

Requiring Petitioner to return to state court to attempt to fully litigate his claims now would be "futile" because he is foreclosed from doing so under Pennsylvania law. The PCRA expressly limits the availability of relief and requires, with few exceptions not applicable here, that a post-conviction petition be filed within one year of the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Since more than one year has passed since his judgment of sentence became final, any PCRA motion that he might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts. Additionally, if he returned to state court to attempt to litigate the claims at issue in another PCRA motion, the state court likely would determine that he waived the claims. See 42 Pa.C.S. § 9544(b).

**(2)    Procedural Default**

A finding by a district court that exhaustion is "futile" often results, as it does here, in a finding that the claims at issue are barred from federal habeas review. The Court of Appeals for the Third

Circuit has repeatedly instructed that "claims deemed exhausted because of a state procedural rule are deemed procedurally defaulted." Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

In the Answer, Respondent has inaccurately stated that Petitioner raised his claims in an appeal to the Superior Court and does not raise the defense of procedural default. (ECF No. 22 at 4-5). Respondent's failure to do so does not bar this Court from considering it, however. The Court has "the authority to raise the issue of procedural default *sua sponte*." Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011). See also Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002); Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001); Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997); Day v. McDonough, 547 U.S. 198, 206 (2006) ("While the issue remains open in this Court … the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default[.]"). As the Third Circuit Court has explained:

> "We retain this discretion because the doctrine of procedural default, while not a jurisdictional rule, 'is grounded upon concerns of comity between sovereigns and often upon considerations of judicial efficiency.' … 'Because these concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be waived.'"

5

Sweger, 294 F.3d at 520 n.13, quoting Szuchon, 273 F.3d at 312 n.13, which quoted Hardiman v. Reynolds, 971 F.2d 500, 503 (10th Cir. 1992).

In conclusion, all of Petitioner's habeas claims are procedurally defaulted and should be denied for that reason.

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[2]  If it is Petitioner's contention that he can establish "cause" for his default and "actual prejudice," he shall, in his Objections to this Report and Recommendation, direct the Court to evidence to support that contention.

### C.  Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

---

[2]  Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Where the petitioner pleaded guilty (as in the instant case), he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as procedurally defaulted. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:   September 26, 2011

cc:     The Honorable Sean J. McLaughlin
        United States District Judge